*Wadsworth & Son, for appellant.*

*T. A. Curran, for appellee.*

---

### FRANK PRATER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—695.]

**Criminal Law—Local Option Violation.**

Under an indictment for selling spirituous liquors in a named district, evidence that the sale was made in another district should be excluded.

**Changing Boundary of Local Option District.**

Where the voters of a district have decided that liquors shall not be allowed to be sold therein, it is not within the power of the county court to nullify such action by changing the boundaries of a district so as to authorize sales to be made in territory in which they have been prohibited by the people's votes; but under an indictment charging a sale in district No. 9 without alleging or specifying the boundary in which it was sold, so as to enable the court to know that a portion of district No. 9 was within the district No. 2 in which sales were prohibited, prima facie, the party had the right to sell if licensed in district No. 9.

APPEAL FROM CARTER CIRCUIT COURT.

March 30, 1882.

OPINION BY JUDGE PRYOR:

The indictment in this case is for selling spirituous liquors in district No. 9, under which the appellant was fined $60. The evidence that the whisky was sold in district No. 2, or within the boundary of a district known as district No. 2, in which the local option law existed, should have been excluded. The proof shows that in district No. 2 a vote had been taken resulting in favor of local option, and that after this vote the county court made a new magisterial district and voting precinct by taking off certain parts of districts Nos. 1 and 2. Where the whisky was sold was in this new district, known as district No. 9, but within the boundary of district No. 2, where the local option was voted. The district in which the vote for and against local option was taken was only named to define or designate the boundary or territory in which the sale was prohibited in the event a majority favored the measure, and not subject to the control of the county court, or affecting in any manner the right of that tribunal to create new or additional voting precincts.

It surely could not have been contemplated that the county court could defeat the will of the people in a vote for or against the measure by changing the boundary of the territory in which the vote had been taken in the creation of an additional voting precinct or magisterial district. No such power is vested in that tribunal by the act authorizing the vote, and the geographical boundary designated as the district still remains, although portions of it may be annexed or embraced within the civil districts as laid off for county purposes.

Such a ruling would enable the county court in every instance to defeat the popular will by a mere change of the district. The right to determine whether spirituous liquors should be sold within this boundary was taken from the county court by this local option law and vested within the voters in the boundary. They alone have the right to permit its sale by a subsequent vote, if prohibited in the first instance, and the county court has no power over it. But the indictment charges a sale in district No. 9, without alleging or specifying the boundary in which it

was sold so as to enable the court to know that a portion of civil district No. 9 was within the district No. 2 in which the vote was taken; prima facie, the parties had the right to sell if licensed by the county court in district No. 9. For this reason the judgment is *reversed* and cause remanded for further proceedings.

*J. D. Jones, R. D. Davis, for appellant.*

*P. W. Hardin, for appellee.*